**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THEODORE SMITH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| **LOYSVILLE YOUTH DEVELOPMENT** | : | **NO. 19-3770** |
| **CENTER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

Tucker, J.                                                                                September 10, 2020

Before the Court is Defendants Loysville Youth Development Center, John Boyer, Jenny Naugle, Gregory Morgan, Robert Anchef, Evan Craig, Kevin Booher, Zachary Briggs, Russel Feeney, Bryce Gearhart, Michelle McGinnis, and Teresa Miller's (collectively, the "State Defendants") Motion to Partially Dismiss Plaintiff's Amended Complaint (ECF No. 8), and Defendants the City and County of Philadelphia, the Philadelphia Department of Human Services, and Cynthia Figueroa's (the "City Defendants") Second Motion to Dismiss (ECF No. 10) Plaintiff's Amended Complaint (ECF No. 7).

After considering Defendants' Motions to Dismiss and Plaintiff's Reply (ECF No. 9), Defendants' Motions are **GRANTED**.  The Court **GRANTS** the State Defendants' Motion to Partially Dismiss all claims against Defendant Loysville Youth Development Center and all claims against Defendants John Boyer, Jenny Naugle, Gregory Morgan, Robert Anchef, Evan Craig, Kevin Booher, Zachary Briggs, Russel Feeney, Bryce Gearhart, Michelle McGinnis, and Teresa Miller in their official capacities. The Court **GRANTS** the City Defendants' Motion to

1

Dismiss all claims against Defendants the City and County of Philadelphia, the Philadelphia Department of Human Services, and Cynthia Figueroa.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This civil rights action arises from an alleged physical attack on Theodore Smith ("Plaintiff") by staff members at Loysville Youth Development Center ("Loysville"), a state-run juvenile justice center in Loysville, PA. Am. Compl. ¶ 11, ECF No. 7. Plaintiff brings this lawsuit against Loysville, Loysville counselors, Loysville directors, the City of Philadelphia, the Philadelphia Department of Human Services (DHS) and its commissioner, and the Secretary of Pennsylvania DHS.

On September 3, 2017, Plaintiff was a juvenile resident of Loysville. Am. Compl. ¶ 11. Plaintiff avers that at that time he was considered a "child with a disability" under the Individuals with Disabilities Education Act, an "individual with a disability" under Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act ("ADA"), and a "protected handicapped student" under Chapter 15 of the Pennsylvania School Code. Am. Compl. ¶ 10.

Plaintiff alleges that on that September 3, 2017, a group of counselors at Loysville, including Defendants Gregory Morgan, Robert Anchef, Evan Craig, Kevin Booher, Zachary Briggs, Russel Feeney, and Bryce Gearhart ("Counselors"), attacked him after he did not comply with a demand to place his hands on his knees during a group meeting. Am. Compl. ¶¶ 34, 39. The attack was captured on several videotapes. Am. Compl. ¶ 34. Plaintiff further alleges that, following his noncompliance, one of the Counselors approached him from behind and applied a chokehold that caused him to fear for his life. Am. Compl. ¶ 35. Plaintiff alleges that another counselor then body slammed him to the ground so hard that he suffered a concussion and had a seizure. Am. Compl. ¶ 36. Two of the counselors then held Plaintiff while Defendant Counselor

Morgan beat him. Am. Compl. ¶ 37. Plaintiff alleges that following the attack, the Counselors didn't provide him with medical treatment for his injuries. Am. Compl. ¶ 38. Counselor Defendants Morgan, Booher and Gearhart ("Supervisory Defendants"[1]) were acting in a supervisory capacity during the incident. Am. Compl. ¶¶ 15, 18, 21.

The Counselors, joined by additional Loysville counselor Defendant Michelle McGinnis, filed false criminal charges against Plaintiff following the attack. Am. Compl. ¶ 43. Their accusations led to Plaintiff's arrest and imprisonment in Perry County prison. Am. Compl. ¶ 44. Plaintiff alleges that the false criminal charges were an effort to justify and cover up the Counselor's attack on him. Am. Compl. ¶ 45. On October 30, 2017, Plaintiff's attorney obtained and viewed videos of the attack. Am. Compl. ¶ 47. Plaintiff's attorney shared the videos with Defendant Jenny Naugle, Director at Loysville, who then contacted the Perry County District Attorney to establish an accurate record. Am. Compl. ¶ 48. This led to the dismissal of the charges against Plaintiff on November 3, 2017. Am. Compl. ¶ 48. Plaintiff alleges to have suffered physical injuries, pain, suffering, trauma, humiliation, embarrassment, and emotional harm which persists today. Am. Compl. ¶ 56.

Plaintiff asserts that during his time at Loysville he witnessed Loysville counselors attack and beat other minor residents. Plaintiff claims that beatings were the primary disciplinary action at Loysville. Am. Compl. ¶¶ 50–51. Plaintiff further claims that all named Defendants from at least 2004 until the date he was attacked, , as well other policy and decision makers, were "well aware" of similar attacks and beatings of minor Loysville residents through reports from state

---

[1] Plaintiff does not specifically identify the Supervisory Defendants, but lists Defendants Morgan, Booher and Gearhart as counselors that had supervisory responsibility at times relevant to the case. Therefore, the Court concludes that these specific defendants are the Supervisory Defendants that Plaintiff is referring to for purposes of its analysis.

auditors. Am. Compl. ¶ 29. Plaintiff alleges that these Defendants ignored complaints of similar behavior, did not properly investigate counselors, did nothing to correct counselor behavior, and, instead, "covered-up" their actions. Am. Compl. ¶¶ 52–55. Plaintiff alleges that the attacks and beatings of Loysville residents have been systematic. Am. Compl. ¶ 29.

Plaintiff originally filed suit on August 22, 2019, before filing an amended complaint on January 22, 2020. *See* Am. Compl. Plaintiff asserted six federal causes of action: (1) Section 1983 claim against Loysville, Loysville Directors and Supervisory Defendants for violating Plaintiff's Eighth and Fourteenth Amendment rights to be free from excessive and unreasonable force, to be protected from harm, and to receive adequate medical treatment; (2) Section 1983 claim against Defendant Secretary Miller for violating Plaintiff's Eighth and Fourteenth Amendment rights to be free from excessive and unreasonable force, to be protected from harm, and to receive adequate medical treatment; (3) Section 1983 claim against Defendant Counselors for violating Plaintiff's Eighth and Fourteenth Amendment rights to be free from excessive and unreasonable force; (4) Section 1983 claim against Defendants Loysville and Loysville Directors for failure to supervise; (5) Section 1983 claim against Defendants City, Philadelphia DHS, and Commissioner Figueroa for policies and/or customs which caused the deprivation of Plaintiff's constitutional rights; and (6) Conspiracy under the color of state law to violate Plaintiff's constitutional, civil rights, and other rights against the Defendant Counselors. Am. Compl. ¶¶ 57–111. In addition, Plaintiff asserts five state and common law claims: (7) common law negligence against Loysville and Loysville Directors; (8) battery against the Counselor; (9) assault against the Defendant Counselors; (10) intentional infliction of emotional distress against the Defendant Counselors; and (11) abuse of process against the Defendant Counselors and Defendant McGinnis. Am. Comp. ¶¶ 79–112.

Defendant Counselors, counselor McGinnis, and Director Boyer are being sued in their individual and official capacities. Am. Comp. ¶¶ 13–22. Defendant Director Naugle is being sued in her official capacity only. Am. Comp. ¶ 14. Defendants Commissioner Figueroa and Secretary Miller are being sued in their individual capacities only. Am. Comp. ¶¶ 25–26.

On September 26, 2019, the City Defendants filed a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). Defs.' Mot. to Dismiss, ECF No. 5. On February 27, 2020, the City Defendants submitted a Second Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defs.' Mot. to Dismiss, ECF No. 10. On February 5, 2020, the State Defendants filed a Motion to Partially Dismiss Plaintiff's Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Defs.' Mot. to Dismiss, ECF No. 8. On February 27, 2020, Plaintiff filed a response in opposition to State Defendants' motion to dismiss. Pl.'s Resp., ECF No. 9.

## II.    STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a claim where the complaint does not contain facts sufficient to "state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (internal citations omitted). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a plausible claim for relief has been raised is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A district court must "accept all of the complaint's well-pleaded facts as true, but disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir.

2009). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft*, 556 U.S. at 679. A

court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*,

556 U.S. at 678 (2009). To survive a motion to dismiss, a plaintiff must provide "more than

labels and conclusions," or "a formulaic recitation of the elements[.]" *Bell Atl. Corp.*, 550 U.S. at

555 (internal citations omitted).

## III.   DISCUSSION

### A.  Federal Claims

In Counts I, II, IV, VII, and VIII, Plaintiff asserts constitutional claims under 42 U.S.C.

Section 1983.

### i. 42 U.S.C. Section 1983

Section 1983 imposes liability on anyone who, under color of state law, deprives a person

of "any rights, privileges, or immunities secured by the Constitution and laws." *Blessing v.*

*Freestone*, 520 U.S. 329, 340 (1997). The deprivation must have been caused by "a person acting

under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A party is a state actor for

purposes of Section 1983 if he exercises power "possessed by virtue of state law and made

possible only because the wrongdoer is clothed with authority the of state law." *Id.* at 49 (quoting

*U.S. v. Classic*, 313 U.S. 299, 326 (1941)). Respondeat Superior cannot form the basis for

liability under Section 1983. *Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title

notwithstanding, is only liable for his or her own misconduct"). "A defendant in a civil rights

action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be

shown through allegations of personal direction or of actual knowledge and acquiescence."

*Desi's Pizza, Inc. v. City of Wilkes-Barre*, 2006 U.S. Dist. LEXIS 59610, *54 (E.D. Pa Aug. 23,

2006) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1998)). Supervisory status

alone will not subject a person acting under color of state law to liability under Section 1983. *Id.* (citation omitted).

### ii. Eleventh Amendment Immunity

Under the Eleventh Amendment, a state cannot be sued in federal court without its consent. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). This immunity extends to citizens' lawsuits against their own states, as well as "to state agencies and departments." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001) (citing *C.H., ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) (en banc)). Eleventh Amendment immunity also extends to suits "against state officials in their *official capacity*, because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state … ." *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)) (emphasis added). The Supreme Court has recognized that a suit against a state government official in his official capacity is "no different from a suit against the State itself," as it "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### 1. Plaintiff's Section 1983 Claim Against Loysville is Barred by Eleventh Amendment Immunity

In Count I of his Amended Complaint, Plaintiff alleges that Defendant Loysville Youth Development Center violated his Eight and Fourteenth Amendment rights to be free from excessive and unreasonable force, protected from harm, and to receive medical treatment. Am. Compl. ¶ 58. Plaintiff's claim must be dismissed because, as identified by Plaintiff, Loysville is a "state run" facility that operates as part of the Pennsylvania Department of Human Services. Am. Compl. ¶ 12, 26. Absent state consent, which does not exist here, a plaintiff is barred from bringing a claim against a state agency. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

89, 98 ("the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent . . . .") (quoting *Ex parte State of New York*, 256 U.S. 490, 497 (1921)). Accordingly, Count I against Defendant Loysville is **DISMISSED WITH PREJUDICE**.

> **2.  Plaintiff's Section 1983 Claim Against the Defendant Counselors in their Official Capacities is Barred by Eleventh Amendment Immunity.**

In Count IV of his Amended Complaint, Plaintiff claims that the Defendant Counselors violated his Eight and Fourteenth Amendment rights to be free from excessive and unreasonable force, protected from harm, and to receive medical treatment. Am. Compl. ¶¶ 72–78. Plaintiff's claim must be dismissed because each counselor Plaintiff identified in his Amended Complaint is alleged to have been employed by the Pennsylvania Department of Human Services at the time of the incident. Am. Compl. ¶¶ 15–22. Thus, as state officials, Plaintiff is unable to sue the Defendant Counselors in their official capacities for damages. Accordingly, Count IV against Defendant Counselors in their official capacities is **DISMISSED WITH PREJUDICE.**

> **3. Plaintiff's Section 1983 Claims Against the Defendant Directors, Supervisory Defendants, and Defendant Miller in their Official Capacities is Barred by Eleventh Amendment Immunity.**

In Counts I and II of his Amended Complaint, Plaintiff claims that the Loysville Directors, Supervisory Defendants, and Defendant Miller violated his Eight and Fourteenth Amendment rights to be free from excessive and unreasonable force, to be protected from harm, and to receive medical treatment. Am. Comp. ¶¶ 57–70. In Count VII[2], Plaintiff claims that

---

[2] In Count VII, Plaintiff also alleges that Defendant Loysville is liable under Section 1983 for failure to train and supervise, however, as the Court articulated above, Loysville is immune from suit under the Eleventh Amendment. All additional claims against Loysville in the Amended Complaint are **DISMISSED WITH PREJUDICE**.

Defendant Loysville Directors "failed to properly train and supervise their correctional officers" in violation of Section 1983. Am. Compl. ¶ 98. Plaintiff brings Counts I and VII against the Supervisory Defendants and Defendant Director Boyer in both their individual and official capacities and against Defendant Director Naugle in her official capacity. Plaintiff brings Count II against Defendant Miller in her individual capacity. For the purposes of Section 1983, state officials are not "'persons under § 1983' and cannot be sued under the statute." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As state officials, the Defendant Directors, Supervisory Defendants, and Defendant Miller cannot be sued in their official capacity. Thus, Count I against the Supervisory Defendants in their official capacities, and Count II against Defendant Miller in her official capacity are **DISMISSED WITH PREJUDICE**.

To impose Section 1983 liability against a state actor in an individual capacity, a plaintiff must demonstrate that the individual defendant was personally involved in the alleged constitutional violation. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff can establish personal involvement by demonstrating that the defendant participated in the alleged violation or had knowledge and acquiesced in the violation. *Id*. As state actors, the Court's focus is on whether the Supervisory Defendants and Defendant Director Boyer personally violated Plaintiff's rights. A plaintiff can plead supervisory liability by demonstrating that (1) the supervisors "established and maintained a policy, practice or custom which directly caused the constitutional harm" or (2) if the supervisors "participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp*., 629 F.3d 121, 129 n.5 (3d Cir. 2010) (citation and internal quotation marks omitted).

With respect to Plaintiff's failure to train and supervise claim against Defendant Director Boyer in his individual capacity[3], the allegations in Plaintiff's Amended Complaint echo the Supreme Court's findings in *City of Canton v. Harris,* 489 U.S. 378 (1989). In *Canton*, the Supreme Court held that a municipality may be liable for failing to train its employees when that failure evidenced "deliberate indifference to the rights of persons with whom [the municipal employees] come into contact." *Id*. However, Plaintiff is unable to bring such a claim against Defendant Boyer, a state employee. Although it is not clear from Plaintiff's allegations whether he is attempting to bring a supervisory liability claim against Defendant Boyer in his individual capacity under Section 1983, the Court finds that the allegations in the Amended Complaint do not support such a claim. Plaintiff has made no demonstration that he had supervisory authority over the Loysville counselors. *See Santiago v. Warminster Twp*., 629 F.3d 121, 129 n.5 (3d Cir. 2010) (holding that plaintiff a can plead supervisory liability by demonstrating that (1) the supervisors "established and maintained a policy, practice or custom which directly caused the constitutional harm" or (2) if the supervisors "participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations."). Accordingly, Plaintiff's Section 1983 claim against Defendant Boyer in his individual capacity is **DISMISSED WITHOUT PREJUDICE.**

> **4. Plaintiff's *Monell* Claim Fails to Identify a Policy, Practice, or Custom Promulgated by Defendants City and County of Philadelphia and Philadelphia DHS that Violated His Rights.**

In Count VIII of his Amended Complaint, Plaintiff claims that Defendants City and County of Philadelphia and Philadelphia DHS maintained policies and/or customs that violated his Eighth and Fourteenth Amendment rights. Am. Compl. ¶¶ 103–107. To satisfy the pleading

---

[3] Plaintiff is not pursuing a claim against Defendant Naugle in her individual capacity.

standard for municipal liability, a plaintiff must: (1) identify a policy or custom that deprived him of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94; *see also Buoniconti v. City of Phila.*, 148 F. Supp. 3d 425, 436 (E.D. Pa. 2015). "Failure to allege conduct by a municipal decisionmaker is fatal to a *Monell* claim." *Jacobs v. Palmer*, 2015 LEXIS 1033294, at *5 (E.D. Pa. Mar. 10, 2015) (internal quotations omitted); *Santiago v. Warminster Twp.*, 629 F.3d 121, 135  n.11 (3d Cir. 2010) (noting that a plaintiff has "the obligation to plead in some fashion that [the decision maker] had final policy making authority, as that is a key element of a *Monell* claim").

A plaintiff's claim does not satisfy the pleading standards under Rule 8 of the Federal Rules of Civil Procedure if the alleged facts do not "show[] any particular or specific policy or custom, or how it allowed the claimed constitutional violation to occur, identifying the policymaker or decisionmaker, or showing prior notice through a pattern of similar constitutional violations". *Wood v. Williams*, 568 F. App'x 100, 105 (3d Cir. 2014). Unless a plaintiff can demonstrate that his injuries were caused by an existing, unconstitutional policy, attributable to a policymaker, proof of a single constitutional violation is not sufficient to impose municipal liability. *Id.* at 105–106 (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985)).

Plaintiff alleges that Defendants City and County of Philadelphia and Philadelphia DHS "maintained a number of deficient policies and/or customs which caused the deprivation of Plaintiff's constitutional rights," and "encouraged" Loysville staff "to believe that they could violate the constitutional rights of Plaintiff" with the approval of City Defendants. Am. Compl. ¶¶ 104–105. However, Plaintiff fails to point to any specific unconstitutional policies or customs

of the City Defendants. Instead, the Amended Complaint broadly references that "this lawsuit, other lawsuits, state audits, criminal complaints and newspaper reports make clear, Philadelphia-DHS . . . Figueroa . . . and other policy and decision makers turned a blind eye to the attacks and beatings by counselors and those supervisory lapses were the moving force behind the attack and Theodore." Am. Comp. ¶ 30. Plaintiff does not identify a single specific City policy and further fails to assert how these policies allowed for a constitutional violation to occur. Plaintiff also alleges that the City Defendants' policies and customs proximately caused Plaintiff's injuries, but does not point to any specific facts that demonstrate how the alleged policies caused Plaintiff's injuries. Am. Compl. ¶¶ 106–107.

Defendants argue that Plaintiff's allegations are conclusory and fail to satisfy the pleading requirements for municipal liability. Defs.' Mot. Dismiss 4. The Court agrees that Plaintiff's allegations merely recite of the elements of a *Monell* claim and lack the factual basis to adequately plead a claim. Accordingly, Count VIII against Defendants City and County of Philadelphia and Philadelphia DHS is **DISMISSED WITHOUT PREJUDICE**.

### B.  State Law Claims

#### i. Plaintiff's State Law Claims Against the Defendant Counselors and Counselor McGinnis are Barred by Eleventh Amendment Immunity.

Plaintiff brings multiple state law claims in his Amended Complaint: conspiracy, assault, battery, abuse of process, and intentional infliction of emotional distress. Am. Compl. 19–29. The Counselor Defendants and counselor McGinnis only move to dismiss the state law claims against them in their official capacities. As articulated in the Court's analysis above, as state employees these defendants cannot be sued in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that state officials are not "'persons under § 1983' and cannot be sued under the statute."). Accordingly, Counts V, VI, IX, and X against

the Defendant Counselors, as well as Count XI against the Defendant Counselors and counselor McGinnis in their official capacities are **DISMISSED WITH PREJUDICE.**

Plaintiff also brings a common law negligence claim against the Director Defendants**.** The Director Defendants have moved to dismiss Plaintiff's negligence claim for lack of subject matter jurisdiction. The Court will address the Parties' arguments below.

### 1. The Director Defendants Are Entitled to Immunity Under Pennsylvania Law from Plaintiff's Negligence Claim.

Commonwealth employees are generally afforded immunity from state law claims under Pennsylvania law. *Robinson v. Beard*, 2013 U.S. Dist. LEXIS 161969, *24 (E.D. Pa. Nov. 13, 2013) (citing *Kintzel v. Kleeman*, 2013 U.S. Dist. LEXIS 116929, at *3 (M.D. Pa. Aug. 19, 2013)). "Unlike Eleventh Amendment immunity, sovereign immunity applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting within the scope of their duties." *Id*. (internal quotation marks omitted) (quoting *Larsen v. State Emps.' Ret. Sys*., 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008)).

In Count III of his Amended Complaint, Plaintiff asserts a common law negligence claim alleging that Defendants owed him an "affirmative duty of care to ensure his safety and well-being . . ." and that they "failed to exercise ordinary care and knew or should have known that their acts and omissions caused harm to Plaintiff . . . . " Am. Compl. ¶ 80. Defendants correctly argue that sovereign immunity bars Plaintiff's negligence claim against the Director Defendants. Defs.' Mot. Dismiss 11. The Pennsylvania Sovereign Immunity Act provides that:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

13

1 Pa. Cons. Stat. Ann. § 2310. The General Assembly has waived the Commonwealth's

immunity in nine categories of negligence actions that are to be "narrowly interpreted".[4]

*Greenberg v. Caesars Entm't Corp*., 2015 U.S. Dist. LEXIS 58529, *6 (E.D. Pa May 5, 2015)

(quoting *Moore v. Commonwealth, Dep't of Justice*, 114 Pa. Commw. 56, 538 A.2d 111, 113 (Pa.

Commw. Ct. 1988)); *See* 42 Pa. C.S. § 8522(b). None of the exceptions apply, therefore the

Director Defendants are immune from suit for their alleged negligence.

      In response, Plaintiff argues that "none of [his] claims are barred by the Political

Subdivision Tort Claims Act . . .", however the Director Defendants did not raise the Political

Subdivision Tort Claims Act ("PSTCA") in their motion to dismiss because it does not apply in

this matter. Am. Compl. 1. The PSTCA "immunizes municipalities from liability for all state-law

tort claims." *Milbourne v. Baker*, 2012 U.S. Dist. LEXIS 72014, *13 (E.D. Pa. May 23, 2012).

The Act provides that "no local agency shall be liable for any damages on account of any injury

to a person or property caused by any act of the local agency or an employee thereof or any other

person." 42 Pa. Cons. Stat. Ann. § 8541. The Director Defendants are not employees of a local

municipality. As articulated by Plaintiff, Loysville Youth Development Center is a state-run

facility that operates as part of the Pennsylvania Department of Human Services. Am. Compl. ¶

12, 26. Accordingly, Count III against the Director Defendants **is DISMISSED WITH**

**PREJUDICE**.

---

[4] The General Assembly has waived immunity for: (1) vehicle liability; (2) medical-professional
liability; (3) care, custody or control of personal property; (4) Commonwealth real estate,
highways and sidewalks; (5) potholes; (6) care, custody, or control of animals; (7) liquor store
sales; (8) National Guard activities; (9) toxoids and vaccines.

**IV.    CONCLUSION**

For the foregoing reasons, the State Defendants' Motion to Partially Dismiss Plaintiff's Amended Complaint is **GRANTED**. The City Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**. Plaintiff shall be able to proceed with the following counts:

(1) Count I against the Supervisory Defendants;

(2) Count IV against the Defendant Counselors;

(3) Count V against the Defendant Counselors;

(4) Count VI against the Defendant Counselors;

(5) Count IX against the Defendant Counselors;

(6) Count X against the Defendant Counselors; and

(7) Count XI against the Defendant Counselors and Defendant McGinnis.

An appropriate Order follows.